## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOSE M. MENDOZA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:23-CV-386-JVB-JPK |
| | ) | |
| TASHA LEE AND FRAN GULL, | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Jose M. Mendoza, a prisoner without a lawyer, filed a complaint alleging he was denied his Second and Eighth Amendment rights. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mendoza alleges Prosecutor Tasha Lee and Judge Fran Gull violated his Second Amendment rights during his State criminal trial at the Allen County Courthouse. He also alleges Judge Gull violated his Eighth Amendment rights when she sentenced him. Mendoza seeks to have his sentence changed and to have his State criminal case dismissed. Neither are possible because habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973).

Mendoza also seeks monetary damages, but they are not available either. Mendoza was convicted of Unlawful Possession of a Firearm by a Serious Violent Felon. *State v. Mendoza*,

02D05-2211-F4-123 (Allen Superior Court 5 filed November 18, 2022).[1] He believes that conviction violated the Second Amendment, and his sentence violated the Eighth Amendment. However, both Prosecutor Lee and Judge Gull are immune from suit.

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). Prosecutor Lee has immunity for prosecuting Mendoza during his State criminal trial.

"A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judge Gull is a State Superior Court Judge with jurisdiction to preside over Mendoza's trial and to sentence him. Judge Gull has immunity.

This complaint does not state a claim for which relief can be granted. It will be dismissed because it does not state a claim and because it is malicious to sue a judge and a prosecutor who are immune from suit. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to

---

[1] Available at https://public.courts.in.gov/mycase/. The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588

F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

      For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

      SO ORDERED on September 22, 2023.

                      s/ Joseph S. Van Bokkelen
                      JOSEPH S. VAN BOKKELEN, JUDGE
                      UNITED STATES DISTRICT COURT